IN THE CIRCUIT COURT OF MARYLAND
FOR PRINCE GEORGE'S COUNTY

|  |  |
|---|---|
| GARY MAYO<br>1905 Brooks Dr., Apt. 304<br>Capitol Heights, MD 20743-5508<br><br>Plaintiff<br><br>v.<br><br>PEST SERVICES CO.<br>1013 Centre Road<br>Wilmington, DE 19805<br><br>Defendant 1<br><br>LANCE WILLIAMS<br>3812 39th Street<br>Brentwood, MD 20722<br><br>Defendant 2 | CAL20-10212<br>Civil Case No:<br><br><br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff, Gary Mayo, by and through undersigned counsel, hereby respectfully files this Complaint, and in support states:

1. Gary Mayo ("Plaintiff" or "Mr. Mayo") is an adult resident of the State of Maryland.

2. Pest Services Co. ("Defendant 1" or "PSC") is a corporation incorporated under the laws of the State of Delaware.

3. Lance Williams ("Defendant 2" or "Mr. Williams") is the president and registered agent of PSC, and his address for service of process according to the

records of the Maryland Department of Assessments & Taxation is 3812 39th St., Brentwood, MD 20722.

4. PSC's primary office and operational headquarters in Maryland is located at 3407 Perry St., Mount Ranier, MD 20712-2139, which is in Prince George's County.

5. Mr. Williams is an adult resident of the State of Maryland and Prince George's County.

6. At all relevant times, PSC was engaged in the industry or business of providing pest control services to customers in the State of Maryland and Prince George's County.

7. At all relevant times, PSC employed 15 or more employees in the State of Maryland and Prince George's County, and is an "employer" under the definition in Maryland Code, State Government Article, § 20-601(d)(1)(i) and Labor and Employment Article § 3-401(b) and Prince George's County Code § 2-186(a)(5).

8. At all relevant times, Mr. Williams, as president of PSC, was an agent of PSC who acted directly in the interest of PSC with regard to Mr. Mayo, and is an "employer" under the definition in Maryland Code, State Government Article, § 20-601(d)(1)(ii) and Labor and Employment Article § 3-401(b) and Prince George's County Code § 2-186(a)(5).

9. At all relevant times, PSC employed Mr. Mayo as an hourly, non-exempt employee, and therefore was required to pay Mr. Mayo overtime wages (or 1.5 times his usual hourly wage) for each hour over 40 hours he worked in one

workweek, pursuant to Maryland Code, Labor and Employment Article § 3-415(a) and § 3-420(a).

10. During his entire employment with PSC, Mr. Mayo was never paid any wages (including overtime wages) for any hours he worked over 40 hours in a workweek.

11. Mr. Mayo regularly worked more than 40 hours in a workweek, including work he performed at the PSC office before and after his regularly scheduled shift of 8 hours a workday. PSC and Mr. Williams regularly suffered or directed Mr. Mayo to work more than 40 hours in a workweek.

12. Starting no later than January of 2018, Mr. Mayo believed in good faith that he was being discriminated against and harassed at work on the basis of his skin color, race, and age.

13. Mr. Mayo believed that he was unlawfully being denied promotions, bonuses, and pay raises by Mr. Williams and PSC in favor of other employees for prohibited discriminatory reasons in violation of federal, state, and Prince George's County anti-discrimination laws.

14. Mr. Mayo believed that his career at PSC was being intentionally sabotaged for unlawful discriminatory reasons, including by Mr. Williams and PSC interfering with his Maryland state occupational licensing process and state required certification classes, while other employees were fully supported by Mr. Williams and PSC in the licensing process.

15. Mr. Mayo believed that the PSC Operations Manager, Tim Brown ("Mr. Brown"), who had supervisory authority over Mr. Mayo, was unlawfully

harassing Mr. Mayo at work by, *inter alia*, insulting him, calling him by discriminatory terms, and interfering with his ability to perform his job.

16. In late May of 2018, Mr. Mayo called the Equal Employment Opportunity Commission ("EEOC") to inquire about filing a complaint for discrimination and harassment.

17. During this May, 2018 call with the EEOC, the intake/screening person on the phone asked Mr. Mayo if he had complained to Mr. Williams about the discrimination and harassment he was experiencing. Mr. Mayo replied that he had not yet done so. The EEOC intake/screening person suggested that Mr. Mayo complain to Mr. Williams, and give him and PSC the chance to remedy the discrimination and harassment before filing an official charge of discrimination.

18. Following the May, 2018 call with the EEOC, Mr. Mayo discussed with Mr. Williams the discrimination and harassment he was experiencing, and the fact that he had contacted the EEOC and was considering filing an official charge.

19. On or about June 14, 2018, Mr. Mayo informed Mr. Williams that the harassment by Mr. Brown had escalated, and that he intended to file an official charge with the EEOC. Mr. Williams responded "do what you got to do."

20. On June 25, 2018, Mr. Mayo was informed that PSC was "terminating" his position as office manager. Mr. Mayo was offered a demotion to a position as "Service Technician" (whose job duties would involve direct application of pesticides and other pest control measures in the field), and was given "a couple of days" to consider the offer.

21. On June 26, 2018, Mr. Williams threatened to call the police on Mr. Mayo if he did not immediately return the keys to the PSC office and copies of certain pest control service records (the originals of which records were all on the PSC computer system).

22. On June 27, 2018, Mr. Mayo returned the keys and the copies of the service records to the PSC office.

23. Mr. Mayo never at any point communicated any intent to decline the offer of the Service Technician position at PSC, and was as of June 27, 2018 still considering the offer.

23. Nevertheless, on June 27, 2018, Mr. Williams texted to Mr. Mayo that "I accept your resignation. You can pick up any of your personal items and you can pick up your check on payday." Mr. Mayo responded "I didn't resign. What time can I come get my stuff?"

**COUNT 1- VIOLATION OF THE MARYLAND WAGE AND HOUR LAW**

24. Plaintiff incorporates by reference the allegations in paragraphs 1 through 23 as if fully set forth herein.

25. Defendants failed to pay Plaintiff wages (including overtime wages) for any hours he worked over 40 hours that he worked during any workweek he worked for Defendants, and therefore violated Maryland Code, Labor and Employment Article § 3-415(a) and § 3-420(a).

26. Plaintiff is therefore entitled to bring this action pursuant to Maryland Code, Labor and Employment Article § 3-427(a), and to an award of damages permitted under § 3-427(a)(1), § 3-427(a)(2), and § 3-427(a)(3).

## COUNT 2- VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

27. Plaintiff incorporates by reference the allegations in paragraphs 1 through 26 as if fully set forth herein.

28. Defendants failed to pay Plaintiff earned wages (including overtime wages pursuant to Maryland Code, Labor and Employment Article § 3-415(a) and § 3-420(a)) in a timely manner, and therefore violated Maryland Code, Labor and Employment Article § 3-502 and § 3-505.

29. Plaintiff is therefore entitled to bring this action pursuant to Maryland Code, Labor and Employment Article § 3-507.2(a).

30. Defendants did not withhold the wages of Plaintiff as a result of a bona fide dispute, and therefore Plaintiff should be awarded all damages permitted pursuant to Maryland Code, Labor and Employment Article § 3-507.2(b).

## COUNT 3- DISCRIMINATION AND RETALIATION IN VIOLATION OF MARYLAND CODE, STATE GOVERNMENT ARTICLE § 20-606(f)

31. Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as if fully set forth herein.

32. By informing Defendants in May and June of 2018 that he felt that he was being discriminated against on the basis of his race, age, and skin color, and that he intended to file a complaint with the EEOC, Plaintiff opposed unlawful employment practices by Defendants prohibited by Maryland Code, State Government Article § 20-606(a).

33. By demoting and terminating Plaintiff between June 25 and June 27, 2018, Defendants discriminated and retaliated against Plaintiff because he opposed the unlawful employment practices by Defendants prohibited by Maryland Code, State Government Article § 20-606(a), and therefore Defendants violated Maryland Code, State Government Article § 20-606(f).

34. On November 29, 2018, Plaintiff filed a sworn Charge of Discrimination with the Prince George's County Human Relations Commission alleging that Defendants unlawfully discriminated and retaliated against him, which was a charge that was timely filed under federal, Maryland, and Prince George's County law.

35. At least 180 days have elapsed since Plaintiff's filing of the administrative charge on November 29, 2018.

36. Less than 2 years have elapsed after the unlawful employment practices occurred that are the subject of this Complaint.

37. This Complaint is therefore filed pursuant to the requirements of Maryland Code, State Government Article § 20-1013(a)(1), § 20-1013(a)(2), and § 20-1013(a)(3).

38. Plaintiff is entitled to recover damages and other remedies pursuant to Maryland Code, State Government Article § 20-1013(d) and § 20-1009(b).

39. Defendants demoted and terminated Plaintiff with actual malice in retaliation for his opposing unlawful employment practices, and therefore Plaintiff is entitled to punitive damages pursuant to Maryland Code, State Government Article § 20-1013(e)(1).

## COUNT 4- RETALIATION IN VIOLATION OF PRINCE GEORGE'S COUNTY CODE § 2-209

40. Plaintiff incorporates by reference the allegations in paragraphs 1 through 39 as if fully set forth herein.

41. By informing Defendants in May and June of 2018 that he felt that he was being discriminated against on the basis of his race, age, and skin color, and that he intended to file a complaint with the EEOC, Plaintiff opposed unlawful employment practices by Defendants prohibited by Prince George's County Code § 2-222 and § 2-186(a)(3).

42. By demoting and terminating Plaintiff between June 25 and June 27, 2018, Defendants retaliated against Plaintiff because he opposed the unlawful discriminatory acts or failures to act by Defendants prohibited by Prince George's County Code § 2-222 and § 2-186(a)(3), and therefore Defendants violated Prince George's County Code § 2-209.

43. At least 45 days have elapsed since Plaintiff's filing of the administrative charge on November 29, 2018 with the Prince George's County Human Relations

Commission, which is the county unit responsible for handling violations of the county discrimination laws.

44. Therefore, Plaintiff's Complaint is a timely filed and authorized civil action pursuant to Maryland Code, State Government Article § 20-1202(b) and (c).

45. Plaintiff is entitled to recover damages and other relief pursuant to Prince George's County Code § 2-195(b) and Maryland Code, State Government Article § 20-1202(b) and (d).

46. Plaintiff suffered humiliation and embarrassment as a result of the unlawful discrimination and retaliation by Defendants, and is therefore entitled to the damages permitted pursuant to Prince George's County Code § 2-195.01(a)(3).

WHEREFORE, Plaintiff respectfully requests that the Court award him damages in the amount of at least $75,000, plus court fees and costs, statutory pre-judgment interest, reasonable attorney's fees, and any further relief as the Court may find necessary and appropriate in the interests of justice.

Respectfully Submitted,

Joseph D. Allen, Esq.
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Phone: 443-290-8710
Facsimile: 410-510-1789
jdallen@simmsshowers.com
#1112130018

Attorney for Plaintiff

9

## MILITARY SERVICE AFFIDAVIT

No defendant is in the military service. Defendant 1 is a Corporation organized under the laws of the State of Delaware, and not a natural person. Defendant 2 is not in the military service, according to the personal knowledge of Plaintiff acquired during his employment.

I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

3-12-20
Date

Joseph D. Allen, Esq.
Attorney for Plaintiff