IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY MAYO | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-01047-PX |
| PEST SERVICES COMPANY, *et al.* | * | |
|     Defendants. | * | |

\*\*\*

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Gary Mayo's motion to remand and motion for attorney's fees and costs. ECF No. 10. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS the motion to remand and DENIES the motion for attorney's fees and costs.

## I.   Factual Background

Defendant Pest Services Company ("PSC") is a pest control company operating in Prince George's County, Maryland. ECF No. 6 ¶¶ 6-7. Plaintiff Gary Mayo ("Mayo") worked for PSC as an officer manager. He was paid an hour wage and entitled to overtime for hours worked in excess of 40 per week. *Id.* ¶ 9. Although Mayo routinely worked in excess of 40 hours per week, he had not been compensated for those overtime hours. *Id.* ¶¶ 10-11.

Beginning January 2018, Mayo, PSC management subjected Mayo to harassment and discrimination on account of his race and age. *Id.* ¶ 12. PSC President Lance Williams ("Williams") denied Mayo promotions, bonuses, and pay raises, and actively sabotaged his state occupational licensing and certifications. *Id.* ¶¶ 13-14. His direct supervisor, Tim Brown, also harassed and insulted him, which interfered with his ability to perform his job. *Id.* ¶ 15.

In May 2018, Mayo sought guidance from Equal Opportunity Employment Commission ("EEOC"). *Id.* ¶ 16. Shortly after, on June 14, 2018, Mayo informed Williams that if the harassment did not end, Mayo intended to file a formal charge with the EEOC. *Id.* ¶¶ 18-19.

Less than two weeks later, on June 25, PSC terminated Mayo from his position as office manager, and instead gave Mayo the "option" of taking a demotion. *Id.* ¶ 20. Despite being told he could take a couple of days to consider the "offer," the very next day Williams demanded return of Mayo's office keys and copies of PSC service records. *Id.* ¶ 21. On June 27, Mayo returned the keys and service records but had not at that point declined the offer to work as a service technician. *Id.* ¶¶ 22-23. That same day, Williams texted Mayo that he accepted his "resignation" and told him to pick up his personal items. *Id.* ¶ 23.

Mayo filed suit on March 12, 2020 in the Circuit Court for Prince George's County Maryland, alleging state law claims for failure to pay hourly and overtime wages, in violation of Md. Code Ann., Lab. & Empl. §§ 3-415(a), 3-420(a), 3-502, and 3-505 (Counts 1 and 2). *Id.* ¶¶ 24-30. Mayo also brought state and local statutory claims for race discrimination and retaliation, in violation of Md. Code. Ann., State Gov't § 20-606(f) (Count 3), and Prince George's County Code § 2-209 (Count 4). *Id.* ¶¶ 31-46.

On April 22, 2020, Defendants removed this action to federal court in the District of Maryland, invoking federal question jurisdiction. *See* 28 U.S.C. § 1331; ECF No. 1 at 1-2. Plaintiff Mayo now seeks remand, as well as attorney's fees and costs, on the grounds that federal question jurisdiction is lacking. ECF No. 10-1 at 1. As to this Court's lack of jurisdiction, the Court agrees with Mayo.

## II.     Standard of Review

As courts of limited jurisdiction, a federal court "may not exercise jurisdiction absent a

statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). When removal is challenged, the defendant as the removing party bears the burden of "demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Federal courts construe removal statutes strictly and resolve all doubts in favor of remand. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (until jurisdiction has shown to be proper, district courts must presume a case lies outside its jurisdiction)).

### III.     Motion to Remand

Despite the Complaint's clear averment of exclusively state claims, PSC oddly contends that this Court maintains federal question jurisdiction, citing to the Fair Labor Standards Act of 1938 (FLSA), Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Civil Rights Act of 1991. ECF No. 1 at 2. This Court follows the well pleaded complaint rule that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (The plaintiff is the master of the claim, and "may avoid federal jurisdiction by exclusive reliance on state law."). It is, therefore, well settled that where the plaintiff pleads "only state-law claims for relief, notwithstanding any vague connection the underlying fact pattern may have to federal regulations," no federal question has been presented. *Ball v. Stylecraft Homes, LLC*, 564 F. App'x 720, 722-23 (4th Cir. 2014) (per curiam); *cf. Caterpillar,* 482 U.S. at 393.

PSC, in response, invokes the rare exception to this rule, arguing that a federal question has been implicated as a "necessary element of one of the well-pleaded state claims." *Franchise

*Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).  To invoke this exception, defendants must demonstrate that a federal question is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting federal-state balance approved by Congress.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *cf. Franchise*, 463 U.S. at 14.  Any doubt is resolved against invocation of federal jurisdiction.  *See Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019).

     PSC has not come close to meeting its burden articulated in *Grable*.  PSC merely contends that federal jurisdiction is proper because Mayo's state claims "parallel" the FLSA, thereby necessarily raising federal issues.  ECF No. 12 at 3.  This is patently insufficient to invoke federal question jurisdiction.  Indeed, federal fair wage and anti-discrimination statutes often have state statutory analogs.  The illogic of PSC's argument is made plain when considering the gross overexpansion of federal question jurisdiction that would result if its argument were credited.  *Id.* at 3-4.  Accordingly,  Defendant has failed to demonstrate the propriety of federal question jurisdiction.  Mayo's motion to remand is granted.  *See Burrell*, 918 F.3d at 380.

### IV.    Motion for Attorney's Fees and Costs

     Mayo also moves for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal."  Attorneys' fees and costs may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  This provision grants Courts the discretion to shift costs so as to "deter removals sought for the purpose of

prolonging litigation" while not "undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 136, 140. Although the Court sees merit to Mayo's request for attorneys' fees, the Court will decline to exercise its discretion in this respect, primarily because PSC's arguments were easily disposed of and remand quickly granted. PSC is forewarned, however, that its grounds for removal bordered on the frivolous; it should take heed in the future or risk swift imposition of fees under § 1447(c).

## V.    Conclusion

Accordingly, it is this 9th day of July 2020, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' Motion for Remand (ECF No. 10) BE, and the same hereby IS, GRANTED;
2. Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 10) is DENIED;
3. Copies of this Order shall be transmitted to the parties and the Clerk of the Court for the Circuit Court for Prince George's County, Maryland and the Clerk of the Court shall transmit the record herein to the Clerk of the Circuit Court for Prince George's County, Maryland; and
4. The Clerk shall CLOSE this case.

7/9/2020  
Date

/S/  
Paula Xinis  
United States District Judge